UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTOPHER BASILE,<br><br>                      Plaintiff,<br><br>        -against-<br><br>SHERRY WIGGS,  WESTCHESTER COUNTY OFFICE OF CHILD SUPPORT ENFORCEMENT, and JOHN DOE (*a fictitious designation for a defendant to be identified*),<br><br>                  Defendants. | Case No.<br><br>**VERIFIED COMPLAINT**<br><br>Civil Action<br><br>JURY TRIAL DEMANDED |

Christopher Basile ("Basile" or "Plaintiff") by and through his undersigned counsel, Roger K. Marion of Marion & Allen, P.C., as and for his Verified Complaint against defendants Sherry Wiggs ("Wiggs") and the Westchester County office of Child Support Enforcement (the "WCO"), and John Doe (collectively, "Defendants"), alleges as follows:

**NATURE OF THE ACTION**

1.    This Case involves an abuse of process cause of action against Wiggs for repeatedly suing Basile upon causes of action in the New York State Family Court of Westchester County (the "Family Court") barred by the doctrines of *res judicata and collateral estoppel*. The action is also against WCO for two reasons: First, WCO repeatedly prosecuted Basile on charges that it knew were previously adjudicated, thereby depriving Basile of immunities secured by law and barred by the doctrines of *res judicata* and collateral estoppel in violation of his Constitutional rights. WCO further committed a denial of constitutional due process because on the latest re-prosecution of Wigg's claims WCO prosecuted the case while Basile's counsel had been silenced by the Court and removed from the courtroom at the  order of the Support Magistrate and  enforced by a court officer.  Basile, not being present, and his

1

attorney barred from the courtroom, the Magistrate then proceeded to an ex parte hearing, thereby preventing Basile from presenting a defense to a cause of action that was barred by the doctrines of *res judicata and collateral estoppel.* Both of these denials of Basile's Constitutional rights are violations of, and actionable pursuant to and 42 U.S.C. 1983.

**JURISDICTION AND VENUE**

2.      This Honorable Court has jurisdiction over this action pursuant to 28 U.S.C.A. § 1331 because it has original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States and a denial of due process is such an action.  This case deals with the clear and consequential denial of Plaintiff's due process and equal treatment under the law as detailed below.

3.      This Honorable Court also has jurisdiction over this action pursuant to 28 U.S.C.A. § 1332(a)(1).  There is complete diversity between the parties, which are a Nevada Plaintiff and Defendants from New York, and the amount in controversy exceeds $75,000 exclusive of interests and costs.

4.      Venue is proper in this District pursuant to 28 U.S.C.A. § 1391(a)(2).  A substantial part of the events giving rise to the claims herein happened in New York, to wit: the events described in this Verified Complaint took place in the New York State Family Court of Westchester County.

**THE PARTIES**

5.      Basile is a natural person and a resident of Nevada, residing at 2877 Paradise Road, Unit 702, Las Vegas, Nevada, 89109.

6.       Wiggs is a natural person and a resident of the State of New York, residing at 39 Hilldale Road Dobbs Ferry, New York, 10522.

7.      WCO is an agency of the government of the County of Westchester and exists under the supervision of the Westchester County Department of Social Services with an address of 100 East First Street, 5th Floor, Mt. Vernon, N.Y. 10550.

8.      John Doe is a fictitious designation for a governmental entity in the State of New York, not yet known, having or sharing responsibility for the denial of due process suffered by Basile.

### FACTS APPLICABLE TO ALL CAUSES OF ACTION

9.      Basile and Wiggs were once married. They were subsequently divorced in the New York State Supreme Court of Westchester County under index number 11621/2004. An order of child support was issued in that case.

10.     There was post-judgement litigation in Supreme Court Westchester County  as well as in  the Family Court under Docket Number F-07061-08/17O and File Number 69122.

11.     On August 11, 2014, Wiggs brought a petition in the Westchester County Family Court, (the "First Petition") alleging that Basile had failed to pay his support obligations under a support order (the "Support Order") from the Divorce.

12.     Such a petition is a regularly issued civil process with a summons for the petition.

13.     A plenary hearing on the merits with witness examination was held before the Honorable Allen Hochberg, on December 8, 2014.

14.     On December 11, 2014, after the hearing, Magistrate Hochberg filed an Order dismissing the First Petition on the merits, without leave to resubmit. It was found that Wiggs did not have evidentiary support for her claims.  It was a final Order, with prejudice, and no objections were filed by Wiggs.

15.     The Decision on the First Petition has the effect of *res judicata* and *collateral estoppel* of any claims for child support Wiggs can claim from Basile through December 11, 2014.

16.     On February 23, 2015, Wiggs again brought a petition alleging that Basile had failed to pay support pursuant to the Support Order (the "Second Petition").

17.     A plenary hearing on the merits with witness examination was held before the Honorable Allen Hochberg, on December 7, 2015.

18.     On March 21, 2016, after the hearing, Magistrate Hochberg filed an Order dismissing the Second Petition on the merits, without leave to resubmit.  The dismissal was clear that Wiggs did not have evidentiary support for her claims and that her guesses at damages ranged from 55,977.91 to $77,345.22.

19.     It was a final Order, with prejudice, and no objections were filed by Wiggs.

20.     The Decision on the Second Petition has the effect of *res judicata* and *collateral estoppel* of any claims for child support Wiggs can claim from Basile through March 21, 2016.

21.     On or about November 20, 2017, Wiggs again brought a petition alleging that Basile had failed to pay support obligations from the Divorce (the "Third Petition").

22.     The Third Petition contained all of the monetary claims which were determined on the merits in the First and Second Petitions, as if they never existed.  The Third Petition also alleged support claims after the Second Petition.

23.     Wiggs was assisted by counsel who, upon information and belief, knew they were refiling claims that had already been determined by the Court and which were barred by the doctrines of *res judicata* and collateral estoppel.

24.     Wiggs did not duly serve the Third Petition for months.

25.     When the Third Petition was finally deemed served, it was just as unsupported by evidence as the prior Petitions – thus it could not win in the normal course of a hearing, and was pure harassment.  On June 26, 2018, Basile, through his attorney, filed a motion to dismiss for failure to serve Basile. The Magistrate selected a return date of July 11, 2018.

26.     Basile's motion to dismiss was opposed, and Basile, through his attorney, duly served and filed a Reply Affirmation on July 9, 2018.

27.     Oral argument of the motion was to be on July 11, 2018.

28.     On July 11, 2018, counsel for Basile, was provided a decision on the motion to dismiss by Support Magistrate Keri A. Fiore, dated July 9, 2018, before the Reply was due or received and before oral argument.    Basile's attorney, Richard Medina, objected to the Magistrate's refusal to consider all motion papers as well as the refusal of oral argument.

29.     Support Magistrate Fiore then tried to commence a support hearing, without notice, on the merits of the Third Petition.

30.     Medina objected to the hearing without notice because the appearance was only calendared for the motion to dismiss, and so the matter was adjourned to July 17, 2018.

31.     On July 16, 2018, counsel for Basile, appealed the Magistrate's denial of his motion to dismiss for failure to serve or for a traverse hearing by filing "objections" to the Family Court Judge as provided by the Family Court Act. On July 17, 2018, counsel for Basile filed a motion to dismiss the petition on the grounds that it was barred by the doctrines of *res judicata* and collateral estoppel.

32.     Basile was hospitalized on July 17, 2018.  Medina appeared in Court, informed Support Magistrate Fiore of the exigent circumstances and asked for an adjournment. WCO was present in the Courtroom for the prosecution of the Third Action, as it had been for the First and Second Actions.

33.     WCO did not support Mr. Medina's Request for adjournment.   The request for an adjournment was denied.  When Medina tried to speak on the record, Support Magistrate Fiore ejected Medina from the courtroom so that a hearing on the merits of the Third Petition could be conducted unopposed, without Basile and without Medina.

34.     Upon information and belief, the support hearing against Basile was conducted, with WCO present in aid of Wiggs, in an *ex parte* hearing with Medina barred from entering the courtroom (the "Ex Parte Hearing"), and with no defense possible without Medina.  Upon information and belief, at the conclusion of the Ex Parte Hearing, the Support Magistrate found that Basile had willfully violated a court order for spousal support.

35.     WCO represented to the Court that the support outstanding and owed by Basile included support which was legally barred from consideration by the *res judicata* of the First and Second Petitions.

36.     WCO was well aware of the First and Second Petitions, and knew it was representing as due and owing the support that had already been determined by the First and Second Petitions.

37.     On or about September 13, 2018, Family Court Judge Rachel Hahn granted Basile's objections and found that the Magistrate was wrong to have denied his request for a traverse hearing and wrong to have proceeded to a fact-finding hearing on July 17, 2018.

38.     Although a motion had been made in Supreme Court, Westchester County, to transfer the Family Court Matter to the Supreme Court, on or about December 10, 2018 the Support Magistrate proceeded to a traverse hearing over the objection of Basile's Counsel. The Magistrate ruled against Basile after the hearing.

39.     On or about February 21, 2019, a money judgment on default was therefore entered against Christopher Basile in the amount of $118,824.00 (the "Judgment") from the Ex

Parte Hearing.  There is no known evidence that could have possibly supported such an amount, especially in light of the *res judicata* and collateral estoppel of the First and Second Petitions.

40.     On February 27, 2019, counsel for Basile moved to vacate the Judgment on Default in the Westchester County Family Court, which was ultimately denied.

41.     Basile's motions to dismiss were denied by the Magistrate. Basile Filed objections to all of the Magistrate's various adverse rulings which were later sustained by the Family Court Judge. Timely Notices of Appeal where thereafter filed by Basile's Counsel. Which are currently pending.

42.     Nonetheless, a hearing was scheduled for July 31, 2019 to enforce the Judgment obtained only by ejecting Basile's counsel, in which Basile must pay the Judgment or else be jailed.  Basile does not have said funds available.

43.     Basile was unable to travel to the hearing on the notice given and upon information and belief, it may have resulted in an arrest warrant.

### AS AND FOR A FIRST CAUSE OF ACTION
**(Abuse of Process)**

44.     Plaintiff repeats and restates the allegations set forth in each preceding paragraph of this Complaint as if set forth fully herein.

45.     Upon determination of the First Petition, if not sooner, Wiggs knew and was informed that a petition filed without evidence of its claims was baseless.

46.     Wiggs had no basis in fact or law to believe that she was not subject to res judicata and/or collateral estoppel when she had the Second Petition filed.

47.     The filing of a frivolous Second Petition, requiring Basile's Appearance, carried a threat of incarceration if willful non-payment was found, and threatened unlawful interference with Basile's person and property under color of legal process.

48.     When Wiggs filed the Second Petition without evidence of its claims, she knew and should have known that the filing was frivolous, unwinnable in the ordinary course of a plenary hearing, and could only serve it inflict distress and attorney's fees upon Basile.

49.     Upon determination of the Second Petition, if not sooner, Wiggs was again informed that a petition filed without evidence of its claims was baseless.

50.     When Wiggs filed the Third Petition without any further evidence of its claims, she knew and should have known that the filing was frivolous, unwinnable in the ordinary course of a plenary hearing, and could only serve it inflict distress and attorney's fees upon Basile.

51.     By filing the Third Petition, Wiggs abused the process of Court in a perverted manner to obtain a collateral objective of harassing Basile.

52.     The filing of a frivolous Third Petition, requiring Basile's Appearance, carried a threat of incarceration if willful non-payment was found, and threatened unlawful interference with Basile's person and property under color of process.

53.     By filing the Second and Third Petitions, Wiggs had and demonstrated an intent to do harm to Plaintiff without excuse or justification.

54.     By filing the Second and Third Petitions, Wiggs acted willfully, maliciously, recklessly, and wantonly with intent to injure Plaintiff.

55.     The filing of the Second and Third Petitions was a tortious abuse of process.

56.     As a direct and proximate result of Wiggs' abuse of process, Plaintiff has been damaged in an amount to be determined at trial, but not less than the $118,824.00 improperly awarded plus all of Basile's attorney's fees and costs expended by Wiggs' litigation from the filing of the Second Petition to date, which total more than $75,000.00.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Denial of Due Process)

57.     Plaintiff repeats and restates the allegations set forth in each preceding paragraph of this Complaint as if set forth fully herein.

58.     When WCO acted in support of Wiggs in the First Petition, Second Petition and Third Petition it was acting within the power vested in it by the County of Westchester.

59.     When WCO acted in support of Wiggs in the First Petition, Second Petition and Third Petition it was acting under color of state law of the State of New York.

60.     When WCO acted in support of Wiggs in the Third Petition in absentia it was actively participating in depriving Basile of his right to due process guaranteed to him under the State law of New York and the U.S. Constitution by violation of the Fourteenth Amendment's due process and equal protection clauses.

61.     When WCO acted in support of Wiggs in the Third Petition while Basile's lawyer was barred from the Courtroom, it was actively participating in depriving Basile of his right to counsel and to due process guaranteed to him under the State law of New York and the U.S. Constitution by violation of the Fourteenth Amendment's due process and equal protection clauses.

62.     When WCO misrepresented to the Court that the support outstanding and owed by Basile included support which was legally barred from consideration by the *res judicata* and collateral estoppel of the First and Second Petitions it was actively participating in depriving Basile of his rights to due process and equal protection under the law guaranteed to him under the State law of New York and the U.S. Constitution by violation of the Fourteenth Amendment's due process and equal protection clauses.

63.     Both of these denials of Basile's Constitutional rights are violations of, and actionable pursuant to and 42 U.S.C. 1983.

64.     As a direct and proximate result of WCO's violations of New York State Law and Basile's Constitutional rights to due process and equal protection under the law, Plaintiff has been damaged in an amount to be determined at trial, but not less than the $118,824.00 improperly awarded plus all of Basile's attorney's fees and costs expended by Wiggs' litigation from the filing of the Second Petition to date, which total more than $75,000.00.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Injunctive Relief)

65.     Plaintiff repeats and restates the allegations set forth in each preceding paragraph of this Complaint as if set forth fully herein.

66.     As a result of the above Judgment which was obtained by violations of Plaintiff's Constitutional rights, Plaintiff is now being threatened with a jail sanction.

67.     There is no adequate remedy at law that can undo, or take back a time in jail.

68.     Therefore, being sent to jail based upon the unconstitutional and unconstitutionally obtained Judgment would be an immediate and irreparable damage that would be caused to Basile for which he would have no other adequate remedy.

69.     In the absence of injunctive relief staying the prosecution of the Family Court Action and voiding the Judgment, Basile will be irreparably harmed and such harm cannot by compensated by an award of money.

70.     To prevent such irreparable and unconstitutional harm, the decision in the Third Petition should be vacated and declared null and void.

71.     To prevent such irreparable and unconstitutional harm, the case unconstitutionally prosecuted against Basile by Wiggs and WCO must be enjoined from Proceeding, and the Judgment

obtained therein should be enjoined from collection or prosecution efforts to maintain the status quo until this action is determined.

WHEREFORE, Plaintiff Christopher Basil demands judgment as follows:

A.     On the First Cause of Action, awarding Plaintiff a judgment an amount to be determined at trial, but not less than all losses caused to Plaintiff by Wiggs.

B.     On the Second Cause of Action, awarding Plaintiff a judgment an amount to be determined at trial, but not less than all losses caused to Plaintiff by WCO.

C.     On the Third Cause of Action, awarding Plaintiff declaratory judgment that the prosecution of the Third Petition was a violation of Basile's Constitutional rights to due process and equal treatment under the law, voiding and vacating the Judgment awarded upon the Third Petition, barring Wiggs or WCO from enforcement from prosecuting to collect upon said Judgment, forever barring Wiggs and the WCO from prosecuting Claims determined in the First and Second Petitions, and barring Defendants from prosecuting Basile while Basile and/or his attorney have been barred from actively defending any hearing, and voiding any and all warrants for arrest issued against Plaintiff related to his failure to pay said Judgment.

D.     On each Cause of Action, awarding Plaintiff from Defendants, jointly and severally, Plaintiff's attorneys fees, and the costs and expenses of bringing and prosecuting this action and of defending the First, Second and Third Petitions, with the appropriate interest upon all damages awarded to Plaintiff, and such other and additional relief for Plaintiff as the Court deems just and proper.

## **JURY REQUEST**

Plaintiff respectfully requests a jury try and decide all material issues of fact in this action.

Dated: New York, New York
     August 1, 2019

Marion & Allen, P.C.

By: Roger K. Marion, Esq.
488 Madison Avenue, Suite 1120
New York, New York 10022
Telephone: 212-658-0350
Facsimile: 212-308-8582
E-Mail: rmarion@rogermarion.com
Attorneys for Plaintiff

VERIFICATION

STATE OF NEW YORK      )
                                           )  ss:
COUNTY OF ~~NEW YORK~~  )
                  WESTCHESTER

Christopher Basile, being duly sworn deposes and says:

I am the plaintiff reflected in the caption of this Verified Complaint. I have read the

foregoing Verified Complaint, and know the contents thereof; the same is true to my personal

knowledge, except as to the matters therein stated to be alleged on information and belief, and as

to the matters, I believe them to be true.

_____
Christopher Basile

Sworn to before me this
~~31st~~ day of ~~July~~, 2019
2d                    AUGUST

_____
          Notary Public

RICHARD ADRIAN MEDINA
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 02ME6382927
Qualified in NEW YORK COUNTY
Commission Expires JUNE 3RD 2023

13